IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH MARTIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:12-cv-00038 |
| | § | JURY DEMANDED |
| WATER PROVIDERS, LTD., WP | § | |
| LIQUIDATING, LTD., DONALD RAY | § | |
| FENOGLIO, and ANTHONY CARTER | § | |
| FENOGLIO, | § | |
| | § | |
| *Defendants.* | | |

**DEFENDANTS WATER PROVIDERS, LTD. AND WP LIQUIDATING, LTD.'S
FIRST AMENDED ANSWER**

Defendants Water Providers, Ltd. ("Water Providers") and WP Liquidating, Ltd. ("WPL") (collectively, "Defendants") hereby submit their First Amended Answer to Plaintiff's First Amended Complaint ("Complaint") as follows:

**ANSWER**

**I. PARTIES**

1. Defendants are without information sufficient to form a belief regarding the truth of whether Plaintiff currently resides in Texas as alleged in Paragraph 1 of the First Amended Complaint.

2. Water Providers admits that was formerly the name of a Texas limited partnership with its principal place of business in the State of Texas. Defendant denies the remaining allegations in Paragraph 2 of the First Amended Complaint. Effective March 1, 2011, Water Providers changed its name to WPL, but does not operate as a distinct corporate entity.

3. WPL admits the allegations of Paragraph 3 of the First Amended Complaint.

4.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 4 of the First Amended Complaint.

5.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the First Amended Complaint.

6.     Defendants admit this Court has jurisdiction over this action, but deny that Plaintiff is entitled to relief under 42 U.S.C. § 12101 *et seq.* or any companion common-law claim.

7.     Defendants admit that venue is proper as alleged in Paragraph 7 of the First Amended Complaint, but deny that they have committed any acts or omissions that give rise to any cognizable legal claims.

8.     Defendants admit the allegations in the first two sentences of Paragraph 8 of the First Amended Complaint. Defendants are without sufficient knowledge to admit or deny the allegations in the next sentence of Paragraph 8 of the First Amended Complaint. Defendants admit that T. Fenogolio was Vice President of WPL following the asset purchase of H20 Transfer Services. Defendants deny the remaining allegations in Paragraph 8 of the First Amended Complaint.

9.     Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

10.    Defendants deny the allegations in Paragraph 10 of the First Amended Complaint.

11.    Defendants deny the allegations in Paragraph 11 of the First Amended Complaint.

12.    Defendants deny the allegations in Paragraph 12 of the First Amended Complaint.

13.    Defendants deny the allegations in Paragraph 13 of the First Amended Complaint. Specifically, Defendants have no knowledge regarding the time of Plaintiff's diagnosis and when

he received chemotherapy treatments. Defendants deny that Martin continued to fully perform his job duties, and also deny that Martin's duties did not require extensive manual labor.

14. Defendants deny the allegations in Paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations in Paragraph 15 of the First Amended Complaint.

16. Defendants deny the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

18. Defendants admit that Martin received a bonus in early 2009, but deny the remaining allegations in Paragraph 18 of the First Amended Complaint.

19. Defendants admit that Plaintiff was terminated by letter dated March 18, 2010, and assert that the contents of such document speak for itself.

20. Paragraph 20 of the First Amended Complaint incorporates Paragraphs 1-19 by reference. Defendants incorporate their responses to Paragraphs 1-19 as their response to Paragraph 20.

21. Paragraph 21 of the First Amended Complaint is a legal conclusion and requires no response.

22. Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations in Paragraph 24 of the First Amended Complaint.

25. Defendants deny that Plaintiff is entitled to recover his attorneys' fees as requested in Paragraph 25 of the First Amended Complaint.

## II. BREACH OF CONTRACT CLAIM

26. Paragraph 26 of the First Amended Complaint incorporates Paragraphs 1-25 by reference. Defendants incorporate their responses to Paragraphs 1-25 as their response to Paragraph 26.

27. Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the First Amended Complaint.

32. Defendants deny that Plaintiff is entitled to recover his attorneys' fees as requested in Paragraph 32 of the First Amended Complaint.

33. Paragraph 33 of the First Amended Complaint incorporates Paragraphs 1-32 by reference. Defendants incorporate their responses to Paragraphs 1-32 as their response to Paragraph 33.

34. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint.

37. Paragraph 37 of the First Amended Complaint incorporates Paragraphs 1-36 by reference. Defendants incorporate their responses to Paragraphs 1-36 as their response to Paragraph 37.

38. Defendants deny the allegations in Paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the First Amended Complaint incorporates Paragraphs 1-42 by reference. Defendants incorporate their responses to Paragraphs 1-42 as their response to Paragraph 43.

44. Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the First Amended Complaint.

48. Paragraph 48 of the First Amended Complaint incorporates Paragraphs 1-47 by reference. Defendants incorporate their responses to Paragraphs 1-47 as their response to Paragraph 48.

49. Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the First Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53. Paragraph 53 of the First Amended Complaint incorporates Paragraphs 1-52 by reference. Defendants incorporate their responses to Paragraphs 1-52 as their response to Paragraph 53.

54. Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of the First Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59. Defendants deny that Plaintiff is entitled to recover his attorneys' fees as requested in Paragraph 59 of the First Amended Complaint.

60. Paragraph 60 of the First Amended Complaint incorporates Paragraphs 1-59 by reference. Defendants incorporate their responses to Paragraphs 1-59 as their response to Paragraph 60.

61. Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62. Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63. Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64. Paragraph 64 of the Complaint incorporates Paragraphs 1-63 by reference. Defendants incorporate their responses to Paragraphs 1-63 as their response to Paragraph 64.

65. Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66. Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68. Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69. Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70. Defendants deny the allegations in Paragraph 70 of the First Amended Complaint.

71. Defendants deny that Plaintiff is entitled to recover damages of any kind as requested in Paragraph 71 (a)-(f) of the First Amended Complaint.

72. Defendants deny the allegations of the first sentence in Paragraph 72 of the First Amended Complaint. Defendants admit the allegations in the last two sentences of Paragraph 72.

73. Defendants admit Plaintiff has requested a jury trial, but deny he is entitled to recover on any of his claims at trial.

74. All allegations not expressly admitted herein are denied.

### III. AFFIRMATIVE DEFENSES

Defendants set forth the following defenses:

1. With respect to some or all of Plaintiff's claims, the First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's allegations are outside the scope of, or inconsistent with, the allegations in his Charge of Discrimination.

3. Some or all of Plaintiff's claims are barred by the applicable statutes of limitation.

4. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were unrelated to Plaintiff's attempt to exercise his rights under any statute.

5. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate or minimize his alleged damages.

6. Plaintiff's claims and alleged damages, if any, are barred and/or limited by the doctrine of laches, unclean hands, waiver, excuse, and/or after-acquired evidence.

7. Defendants deny they acted willfully, recklessly or maliciously and, therefore, an award of punitive damages is not appropriate.

8. All decisions, if any, relating to the employment of Plaintiff were made in good faith and based on reasonable factors other than those prohibited by law, and would have been the same regardless of Plaintiff's alleged disability.

9. Plaintiff's alleged disability was not a motivating factor in any employment decisions pertaining to him, and Defendants would have taken the same actions, if any, in the absence of any alleged impermissible factor.

10. Plaintiff's claims must fail to the extent Defendants exercised reasonable care to prevent and correct promptly any wrongful conduct and to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

11. Improper, illegal or discriminatory acts, if any, taken by any employee against Plaintiff were (i) outside the course and scope of that employee's employment, (ii) independent, intervening and unforeseeable acts, (iii) contrary to Defendants' policies, and/or (iv) were not ratified, confirmed or approved by Defendants.

12. Plaintiff has failed to timely and properly exhaust all administrative remedies necessary to file some, or all, of his claims.

13. Defendants are entitled to an offset for any earnings since Plaintiff's discharge.

14. Defendants are not liable for punitive damages under federal, state or local law because neither Defendants nor any employees sufficiently high in the company's corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's legally protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

15. Punitive damages are not available because the actions alleged in the First Amended Complaint were not contrary to Defendants' policies and good faith efforts to comply with state and federal laws.

16. Any award of punitive damages is subject to all applicable damage caps as set forth in United States Code Title 42.

17. The imposition of punitive damages sought by Plaintiff would violate Defendants' rights under the Constitutions of the United States and the State of Texas.

18. Plaintiff's own acts or omissions caused or contributed to Plaintiff's injury.

19. Any acts undertaken by Defendants were privileged and justified.

20. Defendants specifically reserve the right to assert any other appropriate defenses to Plaintiff's claims as the need for such defenses becomes known.

## IV. RELIEF REQUESTED

WHEREFORE, Defendants pray: (a) that upon final hearing Plaintiff takes nothing by way of his Complaint, and (b) that Defendants are awarded their costs and reasonable attorneys' fees incurred in defense of this action and such other relief to which it is justly entitled.

DATED this 19th day of October, 2012.

Respectfully submitted,

*/s/ Emily M. Stout*
**KEITH A. CLOUSE**
State Bar No. 04410300
**ALYSON C. BROWN**
State Bar No. 04873500
**EMILY M. STOUT**
State Bar No. 24013581

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone: (214) 220-3888
Facsimile: (214) 220-3833

**ATTORNEYS FOR DEFENDANTS**
**WATER PROVIDERS, LTD. AND**
**WP LIQUIDATING, LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system on the following counsel of record on this the 19th day of October, 2012:

Michael E. Coles, Esq.
Dustin A. Paschal, Esq.
Paul W. Simon, Esq.
THE COLES FIRM P.C.
4925 Greenville Avenue, Suite 1250
Dallas, Texas 75206
Tel:   (214) 443-7862
Fax:   (972) 692-7145

*Counsel for Plaintiff*

/s/ *Emily M. Stout*
EMILY M. STOUT